## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH FRIEL, individually and on behalf of a class of all persons and entities similarly situated., | : : : : |
| *Plaintiff*, | : : CIVIL ACTION NO. : |
| v. | : 3:25-CV-01468-JKM : |
| TRUSTPOINT INSURANCE CORPORATION; and AMERICAN-AMICABLE LIFE INSURANCE COMPANY OF TEXAS, | : : JUDGE JULIA K. MUNLEY : : : |
| *Defendants.* | : : |

## AMERICAN-AMICABLE'S ANSWER

Defendant American-Amicable Life Insurance Company of Texas ("American-Amicable"), by and through its undersigned counsel, hereby submits its Answer in response to Plaintiff's Class Action Complaint ("Complaint") and states as follows:

## GENERAL DENIAL

As a threshold matter, each and every allegation in the Complaint is expressly denied unless specifically admitted, qualified, or explained herein.

///

///

1

4918-5735-2805

## PRELIMINARY STATEMENT

1.      Responding to Paragraph 1, American-Amicable refers to *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2334, 2343 (2020), which speaks for itself, and denies any allegation inconsistent therewith.

2.      Paragraph 2 calls for a legal conclusion to which no response is necessary.

3.      Responding to Paragraph 3 calls for legal conclusions to which no response is necessary.  To the extent a response is required, American-Amicable refers to the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA"), which speaks for itself, and denies any allegation inconsistent therewith.

4.      Paragraph 4 calls for legal conclusions to which no response is necessary.  To the extent a response is required, American-Amicable refers to 47 C.F.R. §§ 64.1200(c)(2) and 310.4(b)(iii)(B), as well as *Krakauer v. Dish Network, LLC*, 925 F.3d 643, 649–50 (4th Cir. 2019), which speak for themselves, and denies any allegation inconsistent therewith.  American-Amicable denies any remaining allegation in Paragraph 4.

5.      Responding to Paragraph 5, American-Amicable acknowledges that Plaintiff brings this action under the TCPA.  Responding further, American-Amicable denies that it, or any person or entity on its behalf, at its direction, or with its ratification, engaged in prohibited telephone calls.  American-Amicable lacks

knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 5, and therefore, denies the same.

6.      Responding to Paragraph 6, American-Amicable acknowledges that Plaintiff brings this action on behalf of other persons he claims are similarly situated. American-Amicable denies any allegations in Paragraph 6 implying that it is responsible for any illegal telephone calls. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 6, and therefore, denies the same.

7.      American-Amicable denies the allegations in Paragraph 7.

## PARTIES

8.      American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8, and therefore, denies the same.

9.      American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9, and therefore, denies the same.

10.     Responding to Paragraph 10, American-Amicable states that it is an insurance company organized and incorporated under the laws of the State of Texas, with its principal place of business in Waco, Texas, which is part of McLennan

3

County.  American-Amicable denies any allegation in Paragraph 10 inconsistent with the above.

## JURISDICTION AND VENUE

11.    Responding to Paragraph 11, American-Amicable does not challenge the Court's subject matter jurisdiction.

12.    American-Amicable denies the allegations in Paragraph 12.

13.    American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13, and therefore, denies the same.

## THE TELEPHONE CONSUMER PROTECTION ACT

14.    Paragraph 14 calls for a legal conclusion to which no response is necessary.  To the extent a response is required, American-Amicable refers to the TCPA, which speaks for itself, and denies any allegation inconsistent therewith.

15.    Paragraph 15 calls for a legal conclusion to which no response is necessary.  To the extent a response is required, American-Amicable refers to the TCPA and *In re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991, Report and Order*, 18 F.C.C. Rcd. 14014, 14115 ¶ 165 (2003), which speak for themselves, and denies any allegation inconsistent therewith.

16.    Paragraph 16 calls for a legal conclusion to which no response is necessary.  To the extent a response is required, American-Amicable refers to TCPA,

4

§ 227(b)(1)(A)(iii), 47 C.F.R. § 64.1200(a)(2), and *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1831 (2012), which speak for themselves, and denies any allegation inconsistent therewith.

17.    Paragraph 17 calls for a legal conclusion to which no response is necessary.  To the extent a response is required, American-Amicable refers to 47 C.F.R. § 64.1200(f)(12), which speaks for itself, and denies any allegation inconsistent therewith.

18.    Paragraph 18 calls for a legal conclusion to which no response is necessary.  To the extent a response is required, American-Amicable refers to 47 C.F.R. § 64.1200(f)(8), which speaks for itself, and denies any allegation inconsistent therewith.

19.    Paragraph 19 calls for a legal conclusion to which no response is necessary.  To the extent a response is required, American-Amicable refers to 47 C.F.R. § 64.1200(c)(2), which speaks for itself, and denies any allegation inconsistent therewith.

20.    Paragraph 20 calls for a legal conclusion to which no response is necessary.  To the extent a response is required, American-Amicable refers to 47 C.F.R. § 64.1200(c)(2), which speaks for itself, and denies any allegation inconsistent therewith.

21.    Paragraph 21 calls for a legal conclusion to which no response is necessary.    To the extent a response is required, American-Amicable refers to § 227(c)(5) of the TCPA and 47 C.F.R. § 64.1200(c)(2), which speak for themselves, and denies any allegation inconsistent therewith.

## FACTUAL ALLEGATIONS

22.    Paragraph 22 calls for a legal conclusion to which no response is necessary.

23.    Responding to Paragraph 23, American-Amicable admits only that it sells insurance products.    American-Amicable denies the remaining allegations in Paragraph 23.

24.    American-Amicable denies the allegations in Paragraph 24.

25.    American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 25, and therefore, denies the same.

26.    American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 26, and therefore, denies the same.

27.    American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 27, and therefore, denies the same.

28.     American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 28, and therefore, denies the same.

29.     American-Amicable admits only so much of the allegations in Paragraph 29 that allege that Plaintiff was not a customer of American-Amicable prior to his application for the insurance policy referenced in the Complaint. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations asserted in Paragraph 29, and therefore, denies the same.

30.     American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 30, and therefore, denies the same.

31.     American-Amicable admits only so much of the allegations in Paragraph 31 that allege that Plaintiff has not done business with American-Amicable prior to his application for the insurance policy referenced in the Complaint.  American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations asserted in Paragraph 31, and therefore, denies the same.

32.     Responding to Paragraph 32, American-Amicable denies the allegations in Paragraph 32 that allege American-Amicable, or any person or entity

7

on its behalf, at its direction, or with its ratification, engaged in prohibited telemarketing calls. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations asserted in Paragraph 32, and therefore, denies the same.

33. American-Amicable denies the allegations in Paragraph 33.

34. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 34, and therefore, denies the same.

35. Responding to Paragraph 35, American-Amicable states that an application for life insurance for Plaintiff was submitted to American-Amicable, and, in response, American-Amicable issued a life insurance policy. Further responding to Paragraph 35, American-Amicable states that Plaintiff never paid a premium for the policy and that he called American-Amicable and cancelled the policy. Upon information and belief, Plaintiff falsely expressed interest in procuring a life insurance policy when really he caused American-Amicable to expend time and resources with no real intention of ever paying for the insurance. American-Amicable denies any allegations in Paragraph 35 inconsistent with the above.

36. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 36, and therefore, denies the same.

8

37. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 37, and therefore, denies the same.

38. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 38, and therefore, denies the same.

39. Responding to Paragraph 39, American-Amicable denies that it, or any person or entity on its behalf, at its direction, or with its ratification, engaged in prohibited telemarketing calls. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations asserted in Paragraph 39, and therefore, denies the same.

40. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 40, and therefore, denies the same.

41. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 41, and therefore, denies the same.

42. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 42, and therefore, denies the same.

43.     American-Amicable denies the allegations in Paragraph 43 that allege that it appeared that American-Amicable made the calls.  American-Amicable makes reference to its written communication to Plaintiff and denies any of the remaining allegations in Paragraph 43 which are inconsistent with such written communication.

44.     American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 44, and therefore, denies the same.

45.     Paragraph 45 calls for a legal conclusion to which no response is necessary.  To the extent a response is required, American-Amicable refers to I*n re Rules and Regulations Implementing the Tel. Consumer Prot. Act,* 10 F.C.C. Rcd. 12391, 12397 ¶ 13 (1995), which speaks for itself, and denies any allegation inconsistent therewith.

46.     Responding to Paragraph 46, American-Amicable refers to the FCC holding referenced in the paragraph, which speaks for itself, and denies any allegations inconsistent therewith.

47.     Responding to Paragraph 47, American-Amicable refers to *In re DISH Network, LLC*, 28 F.C.C. Rcd. 6574, 6588 ¶ 37 (2013), which speaks for itself, and denies any allegation inconsistent therewith.

48.     Responding to Paragraph 48, American-Amicable refers to *In re DISH Network, LLC*, 28 F.C.C. Rcd. 6574, 6574 ¶ 1 (2013), which speaks for itself, and denies any allegation inconsistent therewith.

49.     American-Amicable denies the allegations in Paragraph 49.

50.     American-Amicable denies the allegations in Paragraph 50.

51.     American-Amicable denies the allegations in Paragraph 51.

52.     American-Amicable denies the allegations in Paragraph 52.

53.     American-Amicable denies the allegations in Paragraph 53.

54.     American-Amicable denies the allegations in Paragraph 54.

55.     American-Amicable denies the allegations in Paragraph 55.

56.     American-Amicable denies the allegations in Paragraph 56.

57.     American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 57, and therefore, denies the same.

58.     American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 58, and therefore, denies the same.

59.     American-Amicable denies the allegations in Paragraph 59.

60.     American-Amicable denies the allegations in Paragraph 60.

## CLASS ACTION STATEMENT

61.    American-Amicable incorporates by reference the preceding paragraphs as if stated verbatim herein.

62.    Paragraph 62 does not require a response from American-Amicable. To the extent a response is required, American-Amicable denies that this matter is appropriate for a class action under Fed. R. Civ. P. 23(b)(2) or (b)(3).

63.    Responding to Paragraph 63, American-Amicable denies that the proposed Class definitions are appropriate for this matter.

64.    American-Amicable denies the allegations in Paragraph 64.

65.    Paragraph 65 does not require a response from American-Amicable.

66.    American-Amicable denies the allegations in Paragraph 66.

67.    Paragraph 67 does not require a response from American-Amicable.

68.    American-Amicable denies the allegations in Paragraph 68.

69.    American-Amicable denies the allegations in Paragraph 69.

70.    American-Amicable denies the allegations in Paragraph 70.

71.    American-Amicable denies the allegations in Paragraph 71.

72.    American-Amicable denies the allegations in Paragraph 72.

73.    American-Amicable denies the allegations in Paragraph 73.

74.    American-Amicable denies the allegations in Paragraph 74.

75.    American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 75, and therefore, denies the same.

76.    American-Amicable denies the allegations in Paragraph 76.

77.    American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 77, and therefore, denies the same.

78.    Responding to Paragraph 78, American-Amicable admits there is no pending litigation concerning this controversy.    Responding further, American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 78, and therefore, denies the same.

### FIRST CAUSE OF ACTION
### (Violation of 47 U.S.C. § 227(b))

79.    American-Amicable    incorporates    by    reference    the    preceding paragraphs as if stated verbatim herein.

80.    American-Amicable denies the allegations in Paragraph 80.

81.    American-Amicable denies the allegations in Paragraph 81.

82.    American-Amicable denies the allegations in Paragraph 82.

83.    American-Amicable denies the allegations in Paragraph 83.

## SECOND CAUSE OF ACTION
### (Violation of 47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(c))

84.    American-Amicable incorporates by reference the preceding paragraphs as if stated verbatim herein.

85.    American-Amicable denies the allegations in Paragraph 85.

86.    American-Amicable denies the allegations in Paragraph 86.

87.    American-Amicable denies the allegations in Paragraph 87.

88.    American-Amicable denies the allegations in Paragraph 88.

## PRAYER FOR RELIEF

89.    American-Amicable denies that Plaintiff, individually or on behalf of any proposed class, is entitled to relief, including the relief sought in subsections A-D of the unnumbered paragraph beginning with "WHEREFORE" following Paragraph 88.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE
### (Failure to State a Claim)

90.    The Plaintiff, individually and on behalf of any class, has failed to state a claim upon which relief can be granted, and, therefore, the claims against American-Amicable should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## SECOND DEFENSE
### (Lack of Personal Jurisdiction)

91.    The Court lacks personal jurisdiction over American-Amicable, and, therefore, the claims against American-Amicable should be dismissed pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure.

## THIRD DEFENSE
### (Improper Venue)

92.    Venue is improper in the U.S. District Court for the Middle District of Pennsylvania, and, therefore, the claims against American-Amicable should be dismissed pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure.

## FOURTH DEFENSE
### (Lack of Private Right of Action)

93.    The Plaintiff, individually and on behalf of any class, is not entitled to recover based on alleged violations of the TCPA and applicable regulations for which there is no private right of action.

## FIFTH DEFENSE
### (Lack of Standing)

94.    Plaintiff, individually and on behalf of any class, lacks standing to assert his claims.

## SIXTH DEFENSE
### (Consent)

95.    The Plaintiff's causes of action, whether asserted individually or on behalf of any class, are barred in whole or in part by the Plaintiff's requisite

15

permission or consent to be contacted under the TCPA by engaging in acts which demonstrated his consent.

## SEVENTH DEFENSE
### (No Injury)

96.     The claims of Plaintiff and members of the putative classes are barred, in whole or in part, because they suffered no legally cognizable injury.

## EIGHTH DEFENSE
### (Equitable Defenses)

97.     The Plaintiff's claims, whether asserted individually or on behalf of any class, are barred by the doctrines of estoppel, waiver, and unclean hands.

## NINETH DEFENSE
### (Not a Residential Number)

98.     The Plaintiff's claims, whether asserted individually or on behalf of any class, fail because he cannot meet his burden of proving that a telephone number belonging to a residential telephone subscriber was called.

## TENTH DEFENSE
### (Appliable Statutes and Regulations)

99.     American-Amicable pleads the applicability of all relevant parts of the prior versions of 47 U.S.C. § 227 and 47 C.F.R. § 64.1200 that may have been in effect during the time of the events alleged in the Plaintiff's Complaint or which were in effect at the time of any alleged calls to members of the putative class.

## ELEVENTH DEFENSE
### (Applicable Federal Exemptions and Exceptions)

100.   American-Amicable incorporates by reference herein all provisions set forth within 47 U.S.C. § 227 and C.F.R. § 64.1200 (including prior versions of this statute and regulation) and relies herein on any safe harbor provisions, exemptions, exceptions, limitations, conditions, or other defenses that may be set forth thereunder.

## TWELFTH DEFENSE
### (Exceptions to Do-Not-Call Registry Liability)

101.   American-Amicable pleads the applicability of the exceptions to liability set forth in 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(c)(2).

## THIRTEENTH DEFENSE
### (McCarran Ferguson Act)

102.   American-Amicable pleads the application of reverse preemption of 47 U.S.C. § 227 and related regulations by applicable state insurance laws through the operation of the McCarran Ferguson Act.

## FOURTEENTH DEFENSE
### (Hobbs Act)

103.   American-Amicable would show that the Hobbs Act cannot be constitutionally applied to deprive American-Amicable of any defenses it has under the TCPA or the rules or regulations promulgated thereunder.

## FIFTHTEENTH DEFENSE
### (Class Relief Unavailable)

104.    The Plaintiff cannot maintain this action as a class action under the Federal Rules of Civil Procedure.    Among other things, American-Amicable expressly denies that the identities of the putative class members are ascertainable, that there are common questions of law and fact, that such questions predominate over individual issues, that the Plaintiff's claims are typical, and/or that individualized issues can be adjudicated on a class-wide basis, and that the Plaintiff is an adequate class representative.  Plaintiff has the burden of establishing these requirements for litigation on a class-wide basis but is unable to meet this burden.

## SIXTEENTH DEFENSE
### (Failure to Mitigate Damages)

105.    The claims of the Plaintiff and the putative class are barred, in whole or in part, to the extent the Plaintiff and members of the putative class failed to mitigate their damages, and as a result, any judgment for Plaintiff must be reduced by any portion of damages which could have been avoided had appropriate steps been taken.

## SEVENTEENTH DEFENSE
### (Calls Do Not Qualify)

106.    The claims of the Plaintiff and the putative class are barred, in whole or in part, because the telephone calls allegedly made were not telephone solicitations, unsolicited advertisements, or telemarketing calls within the meaning of the TCPA.

18

## EIGHTEENTH DEFENSE
### (Third Party Responsible)

107.   The Plaintiff and the putative class members' damages, if any, and none being admitted, were not caused by American-Amicable, but by another person or entity, for whom American-Amicable is not responsible and over whose activities American-Amicable exercises no control and/or has no right to control.

## NINETEENTH DEFENSE
### (Lack of Vicarious Liability)

108.   The Complaint fails to state a plausible claim for any liability under any theory of vicarious liability.  American-Amicable does not have direct liability under the TCPA or applicable regulations, nor can it have vicarious liability under the TCPA or regulations based on any agency theory or theory of ratification.  Neither the Plaintiff nor the putative class members can meet their burden of establishing that American-Amicable has either directly liability or vicarious liability in this case when it did not control the manner and means by which the alleged telephone calls were made and did not knowingly accept any benefits or otherwise ratify any alleged improper conduct.

## TWENTIETH DEFENSE
### (Due Process)

109.   Plaintiff and the putative class members' claims are barred because the imposition on American-Amicable of statutory damages and/or exemplary/punitive

damages under the TCPA would violate the Due Process provisions of the United States Constitution.

## TWENTY-FIRST DEFENSE
### (Compliance with Laws)

110.   The Plaintiff and the putative class members' claims are barred by American-Amicable's compliance with all applicable state, federal and local laws and regulations.

## TWENTY-SECOND DEFENSE
### (Excessive Fines)

111.   Plaintiff and the proposed class members' claims may be barred because the TCPA, within the context of a class action, is violative of American-Amicable's constitutional rights under the Eighth Amendment prohibition against excessive fines and cruel and unusual punishment.

## TWENTY-THIRD DEFENSE
### (Indispensable Parties)

112.   The Plaintiff and the proposed class members' claims are barred for failure to join indispensable parties.

## TWENTY-FOURTH DEFENSE
### (Statute of Limitations)

113.   The Plaintiff and the proposed class members' claims are barred by the applicable statutes of limitations.

## TWENTY-FIFTH DEFENSE
### (FCC Exceeding Authority)

114.    The Plaintiff and the proposed class members' claims are barred to the extent they are based on orders or regulations that exceed the FCC's delegated authority.

## TWENTY-SEVENTH DEFENSE
### (No Willful Violation)

115.    American-Amicable has not willingly or knowingly violated any provision, subsection, or regulation under the TCPA, and, therefore, the Plaintiff is not entitled to treble or enhanced damages.

## TWENTY-EIGHTH DEFENSE
### (Equitable Allocation and Set Off)

116.    Any damages sustained by the Plaintiff or members of any putative class must be reduced in proportion to the wrongful or negligent conduct of persons or entities other than American-Amicable, including third parties, under the principles of equitable allocation, recoupment, set-off, proportionate responsibility, and/or comparative fault.    American Amicable is also entitled to a set off for any recovery the Plaintiff or members of any putative class recover from third parties related to the same alleged violations.

## TWENTY-NINETH DEFENSE
### (Reservation of Additional Defenses)

117.   American-Amicable states that, following completion of discovery and investigation into this matter, additional defenses may become available.  American-Amicable reserves the right to assert additional defenses that may be discovered in the course of these proceedings.  American-Amicable further reserves the right to assert additional defenses, counterclaims, and claims for set-off regarding the claims of absent class members in the event that this action is certified for class treatment.

WHEREFORE, having fully responded to the Complaint of the Plaintiff, American-Amicable denies that the Plaintiff is entitled to any of the relief requested, denies that the Plaintiff is entitled to certification of any class, and prays that the Complaint be dismissed, with prejudice, and for such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Dated: September 19, 2025

*/s/ Ronald L. Hicks, Jr.*
Ronald L. Hicks, Jr. (PA ID #49520)
Cara L. Brack (PA ID #330369)
Nelson Mullins Riley & Scarborough LLP
One PPG Place, Suite 3200
Pittsburgh, Pennsylvania 15222
Telephone:  +1 (412) 730-4050
Fax: +1 (412) 567-9241
ronald.hicks@nelsonmullins.com
cara.brack@nelsonmullins.com

*Counsel for Defendant American-Amicable
Life Insurance Company of Texas*

22

## **CERTIFICATE OF SERVICE**

I certify that on September 19, 2025, a copy of the foregoing was filed electronically through the Court's ECF System.  Notice of this filing will be sent to all counsel of record and the parties may access this filing through the Court's ECF System.

Dated: September 19, 2025          */s/ Ronald L. Hicks, Jr.*
                                    Ronald L. Hicks, Jr. (PA ID #49520)