IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOSEPH FRIEL,** *Individually and on behalf of a class of all persons and entities similarly situated* | : : : : | 3:25CV1468 |
| Plaintiff | : : | (Judge Munley) |
| v. | : : : | |
| **TRUSTPOINT INSURANCE CORPORATION and AMERICAN-AMICABLE LIFE INSURANCE COMPANY OF TEXAS,** Defendants | : : : : : | |

## **STANDING ORDER #1**

The above-captioned civil matter has been assigned to Judge Julia K. Munley.  Responsive pleadings have been filed establishing a joinder of issues which allow for the identification of counsel for the parties of record.

The purpose of this Standing Order is to provide counsel with greater flexibility in preparing their cases while ensuring that the court retains control over the trial calendars and disposes of litigation in a just manner. This Order establishes key events that commence after the issue is joined, providing both flexibility and certainty in the life of each case.

All present parties to the litigation will be allowed approximately **ninety** (**90**) **days** from the time of filing the answer to complete discovery.  This period may be accelerated or extended, for sufficient cause shown, by motion or at the scheduling conference which shall be held shortly after the filing of the answer.

This discovery timetable has been selected as a time period in which to allow counsel complete freedom in trial preparation, subject to change only as indicated. Because this discovery term is deemed a reasonable period, any extension will be sparingly granted.

At the conclusion of the discovery period, there will be an additional period of approximately **twenty (20) days** in which to file dispositive motions, if not filed earlier.

**COUNSEL IS DIRECTED TO COMPLY WITH THE VOLUNTARY ASPECTS OF FED. R. CIV. P. 26.**

Disputes naturally arise during discovery. In the spirit of the rules of civil procedure, experienced and enlightened counsel are expected to reach an amicable resolution of such disputes. If conflict still persists after such joint efforts, counsel is instructed not to file formal discovery motions, but rather counsel shall contact the Case Administrator, Sylvia Murphy, (570) 207-5785, to arrange a telephonic conference with the court to resolve the issue. Such conferences are generally held twenty-four (24) hours of notification by counsel.

If at any stage of the litigation, counsel recognizes that the presence of the court will materially enhance settlement or otherwise accelerate any key event, an appropriate conference may be requested and scheduled. Settlement conferences will proceed in accordance with LOCAL RULE 16.2(b). Such conferences will be scheduled to occur in-person, and it is expected that lead trial counsel will appear with the parties' representatives, including those with the full authority to resolve the case up to the level of the demand.

When the discovery period in any given case has run, and there are no outstanding motions, the court shall schedule a pretrial conference. This conference shall be in compliance with LOCAL RULES 16.1-16.3 and 16.6, which provides for a pretrial memorandum in the form contained in Appendix B to the

rules.  In protracted or more complex litigation, a more complete pretrial memorandum may be required. Except for good cause, all *in limine* motions will be filed and briefed in time for consideration at the pretrial conference.  Counsel will receive a case management order setting forth the time requirements. The time requirements for all *in limine* motions are mandatory.  No motion will be considered which is not in conformity with the same.

At the conclusion of the pretrial conference, an appropriate order may be entered reflecting the action taken, and the case will be listed on the trial calendar. Applications for continuance of any trial shall be in writing with the joinder or stated concurrence or nonconcurrence of the opposing parties.

All scheduling conferences and pretrial conferences will be scheduled at various times during regular business hours. The physical presence of trial counsel is required, except in the case of scheduling conferences only.

Failure of trial counsel to appear at appointed times, or to otherwise fail in complying with the provisions of this standing order, may result in dismissal, default, or imposition of sanctions.

**Date: 9/24/25**                                  **BY THE COURT:**

　

　
  _s/ Julia K. Munley_____
**JUDGE JULIA K. MUNLEY**
**United States District Court**