IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH FRIEL, individually and on behalf of a class of all persons and entities similarly situated,<br><br>　　　　　Plaintiff<br><br>vs.<br><br>TRUSTPOINT INSURANCE CORPORATION<br><br>and<br><br>AMERICAN-AMICABLE LIFE INSURANCE COMPANY OF TEXAS<br><br>　　　　　Defendants. | Case No. 25-cv-1468 |

## PLAINTIFF'S MOTION FOR ALTERNATE SERVICE

Plaintiff, Joseph Friel, by and through undersigned counsel, respectfully moves this Court pursuant to Rule 4 of the Federal Rules of Civil Procedure and applicable Pennsylvania law, for leave to effectuate service of process upon Defendant TrustPoint Insurance Corporation ("TrustPoint") by alternative means reasonably calculated to provide actual notice.

**BACKGROUND, SERVICE ATTEMPTS AND CONTACT WITH THE DEFENDANT**

Plaintiff commenced this action alleging violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, on July 31, 2025. *See* ECF No. 1. Defendant TrustPoint is a Florida corporation, formed on September 6, 2024, with its principal office and registered agent listed as 2262 SE Wald Street, Port St. Lucie, FL 34984, and its registered agent identified as Suresh (a/k/a Omar) Sukhraj. *See* Exhibit 1 – Florida Corporate Registration.

Following the filing of the Complaint, Plaintiff attempted to secure a waiver of service. On August 29, 2025, Plaintiff's counsel sent a waiver package to TrustPoint at trustpoint@mytpi.us, copying defense counsel and co-defendants. *See* Exhibit 2 – Waiver of Service Request). Plaintiff followed up on September 9, 2025 and again on September 18, 2025, warning that judicial intervention would be sought absent compliance. TrustPoint did not return the waiver or otherwise respond.

Despite this failure to comply, TrustPoint and its principal are clearly aware of this lawsuit. On August 29, 2025, Suresh (Omar) Sukhraj emailed defense counsel acknowledging the litigation, apologizing for the underlying call, and providing detailed explanations regarding and dialer activity regarding the conduct. He signed the email as "Agent/Owner, TrustPoint Insurance Corp." and provided the same email and phone number listed in the Florida records. *See* Exhibit 3. This record demonstrates actual notice and conscious evasion of formal service.

Plaintiff also retained a process server who attempted to serve TrustPoint at its sole registered office and agent address—2262 SE Wald Street, Port St. Lucie, Florida. As documented in the Affidavit of Nonservice:

- August 26, 2025 (2:36 PM): No answer at the door. A package addressed to another individual with the same last name as the agent was observed. A brown Kia Sportage (plate M14BXV) was parked in the driveway.

- August 29, 2025 (11:10 AM): Again no answer. A white Nissan Rogue (plate BWAX08) was parked in the driveway.

*See* Exhibit 4.

The affidavit confirms repeated, diligent attempts to serve the registered agent at the only corporate address on file. Despite signs of occupancy, the occupants refused to answer the door. These facts show that the registered agent is actively avoiding service.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 4(h) governs service on corporations. Service may be accomplished by delivering a copy of the summons and complaint to an officer, a managing or general agent, or any other authorized agent. Fed. R. Civ. P. 4(h)(1)(B). Alternatively, Rule 4(h)(1)(A) permits service in the manner prescribed for individuals under Rule 4(e)(1), including service pursuant to the law of the forum state (Pennsylvania) or the state where service is attempted (Florida).

Pennsylvania Rule of Civil Procedure 430(a) authorizes court-directed alternative service where "service cannot be made under the applicable rule," upon affidavit of diligent inquiry. Florida law similarly allows substitute service where the registered agent is concealing their whereabouts. See Fla. Stat. §§ 48.031, 48.091, 48.181.

Due process requires only that the method chosen be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). Courts regularly authorize service by email where traditional methods have failed and where the email is known to be reliable.

**ARGUMENT**

Here, Plaintiff has established all of the prerequisites necessary for this Court to authorize alternate service of process. First, Plaintiff has demonstrated diligence. Service was attempted at

the only registered address for TrustPoint Insurance Corporation, located at 2262 SE Wald Street, Port St. Lucie, Florida, which is the same location identified in the Florida Secretary of State corporate records as both the principal office and the residence of the registered agent, Suresh (a/k/a Omar) Sukhraj.

Plaintiff's process server made multiple attempts to serve the Summons and Complaint at that address, visiting on different dates and at different times of day, but was unable to obtain personal service. On August 26, 2025, the process server observed a vehicle in the driveway and mail addressed to an individual with the same last name as the registered agent, but no one answered the door. On August 29, 2025, the process server again observed a vehicle in the driveway, but once again, no one responded. These repeated attempts at the only official address for the corporation, together with Plaintiff's efforts to secure a waiver of service and the follow-up communications thereafter, demonstrate that Plaintiff has pursued service with the type of reasonable diligence that the law requires.

Second, the evidence establishes avoidance of service by TrustPoint and its registered agent. Despite receiving the waiver request and multiple follow-up emails, Mr. Sukhraj has not signed and returned the waiver, nor has he responded to Plaintiff's counsel regarding the service of process. To the contrary, the record shows that he has acknowledged the existence of this litigation, as reflected in his August 29, 2025 email to Plaintiff's counsel, in which he expressly referenced the call at issue and apologized for its occurrence. It would be manifestly unfair to allow TrustPoint to engage in substantive discussions about this very case—including an apology for the unlawful conduct alleged—while at the same time refusing to sign and return a one-page waiver form that would have obviated the need for further service. A defendant should not be permitted to shield itself from the Court's jurisdiction by exploiting procedural technicalities

4

while simultaneously conceding awareness of the lawsuit. This pattern of conduct underscores that the failure to accept service is not due to oversight or confusion, but rather a deliberate strategy of evasion.

Third, alternate service in this matter is reasonably calculated to provide actual notice. TrustPoint has used and continues to use the email address trustpoint@mytpi.us in connection with its business operations. More importantly, Mr. Sukhraj personally used this same email address to correspond about the claims at issue, signing his message as "Agent/Owner" of TrustPoint and providing the same telephone number reflected in the company's official registration. Service by email to this address is therefore highly reliable, and there is no question that Mr. Sukhraj regularly monitors and responds to correspondence sent to it.

In addition, Plaintiff proposes to mail the Summons and Complaint by certified mail to TrustPoint's registered office and principal address at 2262 SE Wald Street, Port St. Lucie, Florida. Taken together, these methods provide multiple avenues for notice—one digital, one physical—and each is directly tied to the addresses that TrustPoint itself has identified as the appropriate points of contact for legal and business matters.

Finally, these methods of service easily satisfy constitutional due process requirements. Due process does not demand rigid adherence to one particular form of service; it requires only that the chosen method be reasonably calculated to inform the defendant of the proceeding and provide an opportunity to respond. Here, the combination of service by email and service by certified mail meets that standard and ensures fairness. By authorizing these methods together, the Court will ensure that TrustPoint cannot escape its obligations through avoidance while simultaneously preserving all of the protections of due process.

## CONCLUSION

For all of these reasons, Plaintiff respectfully submits that alternate service is both necessary and appropriate in this matter. Plaintiff has exhausted all traditional avenues of service, including multiple personal service attempts at the only registered address for the corporation, as well as formal waiver requests and repeated email communications. Those efforts have demonstrated not only diligence but also deliberate avoidance on the part of Defendant's registered agent. The unfairness of the present situation is stark: TrustPoint has acknowledged this litigation in writing, apologized for the very conduct that gives rise to the claims, and communicated directly with counsel about the lawsuit, yet it refuses to take the simple step of returning a waiver of service that would have conserved judicial and party resources. Allowing such conduct to succeed would encourage gamesmanship and delay, contrary to the purposes of Rule 4.

Dated: October 3, 2025

                                          Respectfully submitted,

                                          */s/ Anthony I. Paronich*
                                          Anthony I. Paronich
                                          Paronich Law, P.C.
                                          350 Lincoln Street, Suite 2400
                                          Hingham, MA 02043
                                          (617) 485-0018
                                          anthony@paronichlaw.com
                                          *Attorney for Plaintiff and the Proposed Class*