IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH FRIEL, individually and on behalf of a class of all persons and entities similarly situated,<br><br>        Plaintiff/Counter-Defendant,<br><br>  vs.<br><br>TRUSTPOINT INSURANCE CORPORATION,<br>        Defendant<br><br>and<br><br>AMERICAN-AMICABLE LIFE INSURANCE COMPANY OF TEXAS<br><br>        Defendant/Counter-Plaintiff | Case No. 3:25-CV-01468-JKM<br><br>Judge Julia K. Munley |

**PLAINTIFF/COUNTER-DEFENDANT JOSEPH FRIEL'S ANSWER TO DEFENDANT/COUNTER-PLAINTIFF AMERICAN-AMICABLE LIFE INSURANCE COMPANY OF TEXAS'S COUNTERCLAIM**

Now comes Plaintiff/Counter-Defendant Joseph Friel and for his answer against Defendant/Counter-Plaintiff American-Amicable Life Insurance Company of Texas's Counterclaim states as follows:

    118.   Admitted.

    119.   Admitted.

    120.   Denied that the Plaintiff is a "serial filer" of TCPA lawsuits. Further denied insofar as this term is legally irrelevant.

    121.   Admitted.

    122.   Admitted the Plaintiff asserts that eleven (11) telemarketing calls were made to his cellular telephone number between June 2, 2025 and June 16, 2025. Plaintiff/Counter-Defendant denies all other averments herein for lack of sufficient information to form a belief,

and leaves Defendant/Counter-Plaintiff to its proofs. It is Plaintiff/Counter-Defendant claim that American-Amicable hired telemarketers to make the unsolicited telemarketing calls to market its products and/or services.

123.    Admitted. Further, Plaintiff/Counter-Defendant reiterates that these harassing telemarketing calls not only failed to disclose who was making the calls, but they also used caller ID spoofing to transmit false/deceptive telephone numbers that would not permit Plaintiff/Counter-Defendant to call back the telemarketer, showing an intentional plan by the telemarketer to conceal its identity to avoid it being pursued for TCPA claims.

124.    Admitted. Plaintiff/Counter-Defendant was sold an American-Amicable insurance policy during an unsolicited telemarketing call that he received that transmitted a spoofed/false/deceptive telephone number to his caller ID.

125.    Admitted that Plaintiff/Counter-Defendant provided his personal identifying information during the June 16, 2025 in an effort to identify the source of the harassing, unsolicited telemarketing calls that were being made to him that failed to identify the name of the caller and which transmitted a spoofed/false/deceptive telephone number to his caller ID. Plaintiff/Counter-Defendant does not know what was done with this information, and therefore denies all other averments herein for lack of sufficient information to form a belief, and leaves Defendant/Counter-Plaintiff to its proofs.

126.    Admitted that Plaintiff/Counter-Defendant agreed to take the offered product/service being offered during the harassing, unsolicited telemarketing calls that were being made to him that failed to identify the caller and which transmitted a spoofed/false/deceptive telephone number to Plaintiff/Counter-Defendant caller ID. Plaintiff/Counter-Defendant denies that he knew the true identity of who was calling him or if

he was truly entering into any type of agreement or if Plaintiff/Counter-Defendant was talking with a scammer who was just intending to steal Plaintiff/Counter-Defendant personal information. It was not until after Plaintiff/Counter-Defendant received the American-Amicable life insurance policy that Plaintiff/Counter-Defendant learned with any certainty the identity of the harassing telemarketer that hid its identity by transmitting a spoofed/false/deceptive telephone number to Plaintiff/Counter-Defendant caller ID. Plaintiff/Counter-Defendant does not know if he "electronically signed the application for life insurance", and therefore denies all other averments herein for lack of sufficient information to form a belief, and leaves Defendant/Counter-Plaintiff to its proofs.

127. Plaintiff/Counter-Defendant does not know what, if any, reliances were made by American-Amicable, and therefore denies all averments herein for lack of sufficient information to form a belief, and leaves Defendant/Counter-Plaintiff to its proofs.

128. Denied. Plaintiff/Counter-Defendant denies that on or about June 16, 2025 he knew the true identity of who was calling him or if he was truly entering into any type of agreement or if Plaintiff/Counter-Defendant was talking with a scammer who was just intending to steal Plaintiff/Counter-Defendant personal information. It was not until after Plaintiff/Counter-Defendant received the American-Amicable life insurance policy that Plaintiff/Counter-Defendant learned with certainty the identity of the harassing telemarketer that hid its identity by transmitting a spoofed/false/deceptive telephone number to Plaintiff/Counter-Defendant caller ID.

129. Admitted that Plaintiff/Counter-Defendant agreed to take the offered product/service during the harassing, unsolicited telemarketing calls that were being made to him that failed to identify the caller and which transmitted a spoofed/false/deceptive telephone

number to Plaintiff/Counter-Defendant caller ID. Denied that Plaintiff/Counter-Defendant knew with any certainty on or about June 16, 2025 that he was submitting an application for or was going to obtain a life insurance policy from American-Amicable. Until Plaintiff/Counter-Defendant received the American-Amicable policy he was did not know if he was talking with a scammer who was just intending to steal Plaintiff/Counter-Defendant personal information.

130. Admitted.

131. Plaintiff/Counter-Defendant realleges and reincorporates his answers to the foregoing paragraphs as if set forth at length herein.

132. Denied. It is the harassing unsolicited telemarketer that was marketing American-Amicable products/services that called Plaintiff/Counter-Defendant that made misrepresentations by hiding its identity by transmitting a spoofed/false/deceptive telephone number to Plaintiff/Counter-Defendant caller ID. Plaintiff/Counter-Defendant denies that he made any misrepresentations to American-Amicable or that he even knew the true identity of who was calling him or if he was truly entering into any type of agreement or if Plaintiff/Counter-Defendant was talking with a scammer who was just intending to steal Plaintiff/Counter-Defendant personal information. Plaintiff/Counter-Defendant does not know if he signed or submitted any application, and therefore denies all other averments herein for lack of sufficient information to form a belief, and leaves Defendant/Counter-Plaintiff to its proofs.

133. Plaintiff/Counter-Defendant does not know the internal polices and operations of American-Amicable and therefore denies all averments herein for lack of sufficient information to form a belief, and leaves Defendant/Counter-Plaintiff to its proofs.

134. Denied. Plaintiff/Counter-Defendant denies that he made any false representations to American-Amicable or that he even knew the true identity of who was calling him or if he

was truly entering into any type of agreement or if Plaintiff/Counter-Defendant was talking with a scammer who was just intending to steal Plaintiff/Counter-Defendant personal information. Plaintiff/Counter-Defendant does not know if he signed or submitted any application, and therefore denies all other averments herein for lack of sufficient information to form a belief, and leaves Defendant/Counter-Plaintiff to its proofs.

135. Denied. Plaintiff/Counter-Defendant denies that he mislead or intended to mislead American-Amicable or that he even knew the true identity of who was calling him or if he was truly entering into any type of agreement or if Plaintiff/Counter-Defendant was talking with a scammer who was just intending to steal Plaintiff/Counter-Defendant personal information. Plaintiff/Counter-Defendant does not know if he signed or submitted any application, and therefore denies all other averments herein for lack of sufficient information to form a belief, and leaves Defendant/Counter-Plaintiff to its proofs.

136. Plaintiff/Counter-Defendant does not know if he signed or submitted any application, nor does he know the internal polices and operations of American-Amicable and therefore denies all other averments herein for lack of sufficient information to form a belief, and leaves Defendant/Counter-Plaintiff to its proofs.

137. Plaintiff/Counter-Defendant does not know the internal polices and operations of American-Amicable and therefore denies all averments herein for lack of sufficient information to form a belief, and leaves Defendant/Counter-Plaintiff to its proofs.

138. Denied. It is American-Amicable that acted in an outrageous fashion when it permitted parties to market its products/services through the use of harassing, unsolicited telemarketing calls that transmitted spoofed/false/deceptive telephone number to consumer's caller IDs, such as Plaintiff/Counter-Defendant's. Plaintiff/Counter-Defendant did not

"manufacture" anything, he merely purchased what was offered to him during unsolicited telemarketing calls made to him. It is American-Amicable has no concern for the wasted time and harassment it causes to American consumers, including Plaintiff/Counter-Defendant, who received the harassing, unsolicited telemarketing calls made to them by the parties that American-Amicable hires to market its products and services for American-Amicable own monetary gain.

139.    Plaintiff/Counter-Defendant respectfully requests judgment in its favor and against Defendants.

WHEREFORE, Plaintiff/Counter-Defendant asks this Court to enter judgment in the Plaintiff's favor and against Defendant/Counter-Plaintiff and award fees, costs, and other relief allowed by law or the Court.

## **AFFIRMATIVE DEFENSES**

Now comes Plaintiff/Counter-Defendant Joseph Friel and for his affirmative defenses against Defendant/Counter-Plaintiff American-Amicable Life Insurance Company of Texas's counterclaim states as follows:

1.    Defendant/Counter-Plaintiff fails to state a claim upon which relief can be granted.

2.    Defendant/Counter-Plaintiff fails to state the elements of fraud with particularity.

3.    Defendant/Counter-Plaintiff's claims are barred by the gist of the action doctrine.

4.    Defendant/Counter-Plaintiff's claims are barred by unclean hands and a lack of good faith.

5.    Defendant/Counter-Plaintiff's claims are barred by their own wrongful, negligent, and improper conduct.

6. Defendant/Counter-Plaintiff's claims are entitled to offset.

7. Defendant/Counter-Plaintiff's alleged injuries were not proximately caused by the Plaintiff; rather, the alleged injuries were caused directly and/or solely by the actions or inactions of Defendant and/or other third parties, including Defendant Trustpoint Insurance Corporation, not Plaintiff.

8. Defendant/Counter-Plaintiff has failed to mitigate its damages.

9. Plaintiff reserves the right to supplement and amend these Affirmative Defenses as necessary.

Respectfully submitted,

*/s/ Jeremy C. Jackson, Esq.*
BOWER LAW ASSOCIATES, PLLC
403 South Allen Street, Suite 210
State College, PA  16801
(814) 234-2626 Telephone
(814) 237-8700 Facsimile
jbower@bower-law.com

*Attorney for Plaintiff and proposed class*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 22nd day of October 2025, a true and correct copy of the above PLAINTIFF/COUNTER-DEFENDANT JOSEPH FRIEL'S ANSWER TO DEFENDANT/COUNTER-PLAINTIFF AMERICAN-AMICABLE LIFE INSURANCE COMPANY OF TEXAS'S COUNTERCLAIM was filed with the Court's ECF/PACER Electronic filing system, where it was available for immediate viewing and download by all counsel of record.

Dated: October 22nd, 2025.

By: */s/ Jeremy C. Jackson*
Jeremy C. Jackson, Esq.
*Counsel for Plaintiff*